UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JUSTIN GOLDMAN, :
:
Plaintiff, :
:
v. : Civil Action No. _____
:
SWING JUICE LLC (as it existed in 2016), :
SWING JUICE, LLC (successor and/or :
continuing entity), :
and JOHN DOES 1–10, :
:
Defendants. :
------------------------------------------------------x

# COMPLAINT

Plaintiff Justin Goldman ("Plaintiff"), proceeding pro se, for his Complaint against Defendants Swing Juice LLC and related entities ("Defendants"), alleges as follows:

## I. INTRODUCTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq., arising from Defendants' unauthorized public display of Plaintiff's copyrighted photograph depicting Tom Brady (the "Photograph").
2. On or about July 2, 2016, Defendants, acting through the official Swing Juice branded Twitter/X account (@SwingJuice), publicly displayed the Photograph without authorization by embedding a third-party tweet that rendered the Photograph inline and visible to the public in connection with Defendants' commercial brand promotion.
3. Defendants' infringement was complete at the moment the Photograph was publicly displayed. Subsequent deletion of the source tweet, later non-rendering of the embed, or post-hoc changes in Defendants' corporate structure do not negate, cure, or diminish liability for a completed act of infringement.
4. The conduct alleged herein is materially indistinguishable from the conduct held infringing by this Court on summary judgment in *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018), which involved the same Photograph and the same unlawful embedding theory.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of the United States.
6. This Court has personal jurisdiction over Defendants because Defendants committed acts of copyright infringement in this District by publicly displaying the Photograph through an interactive online platform that was accessed by users located in New York, including within this District, causing foreseeable harm to Plaintiff in New York.
7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants committed acts of infringement in this District and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## III. PARTIES

8. Plaintiff Justin Goldman is a professional photographer and the sole and exclusive owner of all rights, title, and interest in and to the Photograph.
9. Defendant Swing Juice LLC (as it existed in 2016) was, at all relevant times, the owner and operator of the Swing Juice brand and the official @SwingJuice Twitter/X account used to promote its commercial apparel business.
10. Defendant Swing Juice, LLC (successor and/or continuing entity) subsequently acquired, continued, and benefited from the Swing Juice brand, name, goodwill, and commercial identity and is liable under theories of successor liability, continuation, and/or vicarious liability.
11. Defendants John Does 1–10 are individuals or entities whose identities are presently unknown but who participated in, directed, controlled, authorized, approved, or financially benefited from the infringing conduct alleged herein.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Copyrighted Photograph

12. Plaintiff is the author and sole owner of a widely published photograph depicting Tom Brady walking in the Hamptons.
13. The Photograph is registered with the United States Copyright Office under Registration No. **VAU001250526**, which was issued prior to the acts of infringement alleged herein.
14. Because the Photograph was registered prior to Defendants' infringement, Plaintiff is entitled to statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505.
15. The Photograph has substantial commercial value and has been licensed for use by major media outlets and commercial brands.

### B. Defendants' Unauthorized Embedded Display

16. On or about July 2, 2016, Defendants published a post via the official @SwingJuice Twitter/X account stating, "Can't bring any bigger guns than TB12. Love it," and embedded a third-party tweet containing the Photograph.
17. At the time of publication, the embedded tweet rendered the Photograph inline and visible to the public within Defendants' post, thereby publicly displaying the Photograph to Swing Juice's audience.
18. Defendants did not license the Photograph, did not seek permission from Plaintiff, and had no legal right to publicly display the Photograph.
19. The embedded display constituted a "display" of the Photograph within the meaning of 17 U.S.C. § 106(5).
20. Defendants' use of the Photograph was commercial in nature and undertaken to promote brand recognition, consumer engagement, and commercial goodwill.
21. Defendants knew or should have known that embedding third-party tweets that render copyrighted photographs inline constitutes a public display under the Copyright Act.
22. The infringement was complete at the moment of public display. Subsequent deletion, non-rendering, or technical changes do not absolve Defendants of liability.

### C. Successor and Continuing Liability

23. Defendants' infringement occurred in 2016. Any later asset transfer, acquisition, dissolution, or restructuring does not retroactively extinguish liability for a completed act of copyright infringement.
24. Defendant Swing Juice, LLC continued the Swing Juice brand, name, and commercial identity and benefited from the goodwill generated by prior marketing activities, including the infringing post.
25. At minimum, Defendants' assertions regarding non-assumption of liabilities present fact-intensive issues inappropriate for resolution on a motion to dismiss.

## V. CLAIM FOR RELIEF

(Copyright Infringement – 17 U.S.C. § 501)

26. Plaintiff incorporates by reference paragraphs 1 through 25 as if fully set forth herein.
27. Plaintiff owns a valid copyright in the Photograph.
28. Defendants publicly displayed the Photograph without authorization, in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.
29. Defendants' acts constitute copyright infringement under 17 U.S.C. § 501.
30. Defendants acted willfully, or at minimum with reckless disregard for Plaintiff's rights.

## VI. DAMAGES AND RELIEF

31. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.
32. Plaintiff elects to recover statutory damages pursuant to 17 U.S.C. § 504, including enhanced statutory damages for willful infringement.
33. Plaintiff is entitled to recover costs and attorneys' fees pursuant to 17 U.S.C. § 505.
34. Plaintiff is entitled to injunctive and equitable relief pursuant to 17 U.S.C. §§ 502 and 503.

## VII. JURY DEMAND

35. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. Awarding statutory damages pursuant to 17 U.S.C. § 504;
B. Awarding costs and attorneys' fees pursuant to 17 U.S.C. § 505;
C. Granting injunctive and equitable relief pursuant to 17 U.S.C. §§ 502 and 503; and
D. Granting such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Justin Goldman, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 28th, 2026
New York, New York